**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    ANTHONY MERINO,                              No. C-07-2097 JSW (EMC)

9              Plaintiff,

10         v.                                     **ORDER RE SUPPLEMENTAL
                                                  BRIEFING AND/OR EVIDENCE**
11   CHRISTOPHER HITE, *et al.*,

12             Defendants.
     _____/
13

14

15        Plaintiff Anthony Merino has filed a motion for default judgment, which was referred to the

16   undersigned for a report and recommendation.  Having reviewed Mr. Merino's brief and

17   accompanying submissions, the Court hereby orders that Mr. Merino provide supplemental briefing

18   and/or evidence.

19        Federal Rule of Civil Procedure 55 governs defaults.  Under the rule, default "encompasses

20   two steps: the entry of the *default* and the subsequent entry of a *default judgment*."  10-55 Moore's

21   Fed. Prac. -- Civ. § 55.10[1] (emphasis added).  In the instant case, there has been no entry of

22   default.  *See* Fed. R. Civ. P. 55(a).  Mr. Merino has not asked for such relief from the Court.

23   Because there has been no entry of default in the instant case, there can be no entry of default

24   judgment.

25        Assuming, however, that Mr. Merino's pending motion is a request for entry of default (as

26   well as a request for entry of default judgment), Mr. Merino has not presented sufficient evidence

27   demonstrating that he is entitled to default or default judgment.  Entry of either a default or default

28   judgment requires, *inter alia*, that the defendant(s) in the case be properly served.  *See, e.g.*, *Board*

**United States District Court**

For the Northern District of California

1   *of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist.

2   LEXIS 19065, at \*2 (N.D. Cal. Jan. 2, 2001) (noting that a court must first "assess the adequacy of

3   the service of process on the party against whom default is requested").  Mr. Merino has not

4   provided any evidence establishing service of the summons and complaint on Defendants.  The

5   Court therefore orders Mr. Merino to file with the Court, and serve on Defendants, evidence

6   demonstrating that each Defendant was served with the summons and complaint in accordance with

7   Federal Rule of Civil Procedure 4(e).  *See* Fed. R. Civ. P. 4(e) (addressing service of process of

8   summons and complaint on individuals).

9   **Mr. Merino must file and serve the supplemental evidence by July 25, 2007.  In**

10   **addition, Mr. Merino must serve a copy of this order on all Defendants by the same date.**

11   The Court forewarns Mr. Merino that, even if Defendants were properly served, that does not

12   necessarily entitle him to a default and default judgment.  In deciding whether a default judgment is

13   warranted, a court must consider several factors:

14   (1) the possibility of prejudice to the plaintiff; (2) the merits of
   plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)

15   the sum of money at stake in the action, (5) the possibility of a dispute
   concerning material facts, (6) whether the default was due to

16   excusable neglect, and (7) the strong policy underlying the Federal
   Rules of Civil Procedure favoring decisions on the merits.

17

18   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Under the second and third factors, a

19   court evaluates whether a plaintiff has adequately stated a claim on which he or she may recover.

20   *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

21   Based on this Court's review of Mr. Merino's complaint, there appear to be serious problems

22   with his case.  For example, *Younger* abstention may well be a bar to his lawsuit if the state criminal

23   proceeding against him is still ongoing.  *See Confederated Salish v. Simonich*, 29 F.3d 1398, 1405

24   (9th Cir. 1994) (explaining that "*Younger* abstention is proper where (1) there are ongoing state

25   judicial proceedings, (2) that implicate important state interests, and (3) there is an adequate

26   opportunity in the state proceedings to raise federal questions."); *Gilbertson v. Albright*, 381 F.3d

27   965, 979-81 (9th Cir. 2004) (noting that "*Younger* principles may apply to claims for damages under

28   § 1983," although in such a case a court should stay the federal action -- instead of dismissing it

2

**United States District Court**

For the Northern District of California

1  outright -- until such time as the state proceeding is no longer pending).  Even if *Younger* abstention

2  did not apply, certain of Mr. Merino's claims may be barred by *Heck v. Humphrey*, 512 U.S. 477,

3  486-87 (1994) (holding that, "when a state prisoner seeks damages in a § 1983 suit, the district court

4  must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of

5  his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

6  demonstrate that the conviction or sentence has already been invalidated").  In addition, it is not

7  clear that the claims against the public defenders are valid based on *Polk County v. Dodson*, 454

8  U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for

9  purposes of 42 U.S.C. § 1983] when performing a lawyer's traditional functions as counsel to a

10  defendant in a criminal proceeding").  As for the claims against the prosecutors, they are likely

11  immune from suit.  *See, e.g.*, *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001) ("[I]n

12  initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit

13  for damages under § 1983.  This immunity covers the knowing use of false testimony at trial, the

14  suppression of exculpatory evidence, and malicious prosecution [because] these activities are

15  intimately associated with the judicial phase of the criminal process.") (internal quotation marks

16  omitted).

17

18        IT IS SO ORDERED.

19

20  Dated:  July 13, 2007

21                                            _____

22                                            EDWARD M. CHEN
                                              United States Magistrate Judge

23

24

25

26

27

28

3